UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EVARISTO RODRIGUEZ,

                         Plaintiff,

                 v.

JAMES T. CONWAY, et al.,

                         Defendants.
_____

REPORT & RECOMMENDATION
and DECISION & ORDER

10-CV-6243L

**PRELIMINARY STATEMENT**

The above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B).  (Docket # 10).

*Pro se* plaintiff Evaristo Rodriguez ("Rodriguez") has filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that various employees of the medical department at Attica Correctional Facility violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.  (Docket # 1).  Currently pending before this Court is a motion by Rodriguez for leave to file a supplemental complaint,[1] a motion for a physical examination under Federal Rule of Civil Procedure 35 and a motion to compel.  (Docket ## 20, 26, 29).

---

[1] A second document has also been docketed as a motion by Rodriguez to supplement his complaint. (Docket # 21).  Upon review, it does not appear to be a second motion, but rather a continuation of the first. Accordingly, the Court will consider both documents together.

**DISCUSSION**

I. **Motion to Supplement the Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Similarly, Rule 15(d) permits the court, upon motion of a party, to allow the filing of a supplemental pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Supplemental relief "may include the addition of new defendants and new claims, if adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327, *1 (S.D.N.Y. 1991). *See Carter v. Atruz*, 1998 WL 782022, *2 (S.D.N.Y. 1998) (Rule 15(a) permits assertion of matters that were "either overlooked or unknown" at time of original pleading; Rule 15(d) enables a party to set forth in a supplemental pleading events that "have happened since the date of original pleading").

If the supplemental claim is filed before the applicable statute of limitations has expired, as in this case, the applicable standard under both Rule 15(a) and Rule 15(d) is the same. *See Gittens v. Sullivan*, 670 F. Supp. 119, 123-24 (S.D.N.Y. 1987) ("[t]he standard for the exercise of discretion on a motion to supplement the pleading is the same as that for disposition of a motion to amend . . . , which should be liberally granted"), *aff'd*, 848 F.2d 389 (2d Cir. 1988). Thus, under either rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be allowed to test the claim on its merits. *See United States ex rel. Maritime Admin. v. Continental Illinois Nat. Bank and Trust Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989). "In the absence of any apparent

or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15, "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). To survive dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The initial complaint in this action was filed on May 4, 2010. (Docket # 1). Plaintiff alleges that defendants acted with deliberate indifference to his medical needs by denying him adequate treatment for his severe back pain, which resulted in the deterioration of his physical condition. (*Id.*). Specifically, Rodriguez contends that defendant Superintendent

Conway "refused to acknowledge [plaintiff's] medical problem and enforce his medical department to provide plaintiff with the needed medical treatment." (*Id.* at 7). Plaintiff also alleges that defendant Dr. Wright refused to provide medical treatment and that defendant Killinger withheld necessary medication and failed to adequately evaluate plaintiff's medical condition. (*Id*. at 8-9). Rodriguez further asserts that defendant Dr. Rao repeatedly refused to provide him medication for his severe pain and refused to send him to a specialist so that his back condition could be properly evaluated. (*Id*. at 9). Rodriguez maintains that defendants' actions violated his rights under the Eighth Amendment. (*Id*. at 7).

Rodriguez now seeks to supplement his initial complaint to include allegations against two additional defendants – physician's assistant Schunk and Dr. Evans. (Docket # 20). Specifically, plaintiff alleges that Schunk examined him and ordered an x-ray to evaluate his back condition, which was performed on June 8, 2010. (*Id*. at 2). Plaintiff contends that he was never informed of the results and needed, but did not receive, any further treatment. (*Id*. at 3). Rodriguez contends that although Dr. Evans referred him to a back specialist for his deteriorating lower back condition, he was never taken to the specialist. (*Id*. at 4). Thus, he maintains that these failures to act have caused his condition to further deteriorate. (*Id*.).

As stated above, the purpose of a supplemental complaint is to include new claims arising since the date of the original pleading, provided that the new claims are "adequately related to the originally stated claims." *McLean v. Scully*, 1991 WL 274327 at *1. Here, both the initial complaint and Rodriguez's proposed claims against Dr. Evans allege the same legal claims – that the withholding of adequate medical treatment by the staff at the Attica Correctional Facility constituted a violation of his constitutional rights. (Docket ## 1, 20, 21).

Plaintiff's supplemental claim alleges, just as the initial complaint does, that Dr. Evans's indifference to his serious medical needs resulted in the deterioration of his lower back condition. (Docket ## 1 at 8, 20 at 5). On this record, I find that the claims against Evans are related to his original claims and are virtually identical to those in the pending complaint, which were subjected to initial review by the district court and found to satisfy the criteria of 28 U.S.C. §§ 1915(e) and 1915A. (*See* Docket # 3). Accordingly, I find that Rodriguez should be permitted to supplement his complaint to add the allegations against Dr. Evans.

Although defendants have not challenged plaintiff's supplemental claims on the grounds of futility (Docket # 30 at ¶ 6), I reach a different conclusion with respect to Rodriguez's proposed claims against Schunk. Rodriguez alleges merely that he saw Schunk, who referred him for x-rays and to Dr. Evans. X-rays were subsequently performed, and he was evaluated by Dr. Evans. Rodriguez has not alleged that he ever saw Schunk again. On this record, his allegations do not amount to a claim for medical indifference against Schunk. Accordingly, I recommend that the district court deny Rodriguez's motion to supplement his complaint to add Schunk as a defendant.

II.  **Other Relief**

Also pending is a motion by Rodriguez for a physical examination under Federal Rule of Civil Procedure 35. (Docket # 26). Defendants oppose Rodriguez's application on the basis that his medical condition is not complex; thus, no expert is needed in order to understand the issues in the case. (Docket # 32).

Rule 35(a) provides that the court may, for good cause shown, order a party whose mental or physical condition is in controversy to "submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a). Whether to order an examination under Rule 35(a) is within the court's discretion. *Muhammed v. Wright*, 2010 WL 1981648, *1 (W.D.N.Y. 2010); *Mohamed v. Marriott Int'l, Inc.*, 1996 WL 103838, *3 (S.D.N.Y. 1996). "Rule 35 does not, however, authorize a party to file a motion for his own physical examination." *Muhammed v. Wright*, 2010 WL 1981648 at *2 (citing *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997)). Neither may a plaintiff invoke Rule 35 in order to receive medical care. *Id*.

Here, as discussed above, Rodriguez has filed this action because he claims he has not been taken to see a specialist for his back pain. Through his motion, Rodriguez seeks access to the very same specialized medical care that he seeks through his complaint. Such a use of Rule 35(a) is not proper. Nor may a Rule 35 examination be used as a substitute for a motion to obtain expert testimony. *Id*. Accordingly, Rodriguez's motion for a Rule 35(a) physical examination is denied.

Finally, Rodriguez has also filed a motion to compel under Federal Rule of Civil Procedure 37, but the motion does not specify what discovery Rodriguez seeks. (*See* Docket ## 29, 34). Accordingly, the motion must be denied.

## CONCLUSION

For the foregoing reasons, I recommend that the district court deny plaintiff's motion to supplement his complaint to add a claim against Schunk. **(Docket # 20)**. In addition,

plaintiff's motion for leave to file a supplemental complaint to add Dr. Evans as a defendant **(Docket # # 20, 21)** is **GRANTED**.  Plaintiff's motions for a physical examination **(Docket # 26)** and to compel discovery **(Docket # 29)** are **DENIED**.  <u>**Rodriguez is directed to submit an amended complaint setting forth in one document his original claims and the supplemental claims against Dr. Evans as discussed herein**</u>.  Such amended complaint must be filed with the Clerk of the Court by no later than **September 30, 2011**.

Upon receipt of plaintiff's amended complaint, because plaintiff is proceeding in this action *in forma pauperis*, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendant Dr. Evans without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in the plaintiff's favor.  Service of the amended complaint on the defendants who have already appeared in this action shall be made by the Clerk's mailing of a copy of the amended complaint to each such defendant's attorney of record.

Pursuant to 42 U.S.C. § 1997e(g)(2), defendant Dr. Evans is directed to answer the amended complaint.  The defendants who have already answered need not file amended answers.

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
      September __6__, 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See e.g. Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
      September __6__, 2011