UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EVARISTO RODRIGUEZ,

                                      Plaintiff,

                                                                             DECISION AND ORDER

                                                                             10-CV-6243L

                                      v.

JAMES T. CONWAY, et al.,

                                      Defendants.
_____

Plaintiff, Evaristo Rodriguez, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), alleges that his constitutional rights have been violated in certain respects during his confinement at Attica Correctional Facility.

Plaintiff initially sued five defendants, all of whom are employed by DOCS. On November 12, 2010, plaintiff's claims against one of those defendants, Brian Fischer, were dismissed, based on Fischer's motion to dismiss and plaintiff's voluntary withdrawal of his claims against Fischer. *See* Dkt. #18.

The remaining four defendants then moved for summary judgment. (Dkt. #49.) Subsequent to that, on September 20, 2011, pursuant to a Decision and Order issued by Magistrate Judge Marian W. Payson on September 6, 2011, *see* Dkt. #61, plaintiff filed an amended complaint (Dkt. #63) adding an additional defendant, James T. Evans, M.D. Dr. Evans has now moved for summary judgment dismissing the claims against him as well. (Dkt. #65.)

Defendants' motions are granted. Plaintiff asserts claim against them under the Eighth Amendment to the United States Constitution, alleging that defendants have failed to provide him

with adequate treatment for his back pain. The record shows, however, that plaintiff has received medical treatment for his complaints, and there is no evidence that, to the extent that the individual defendants have had any personal involvement in plaintiff's treatment, their decisions in that regard have been based on anything other than their good-faith medical judgment.

## DISCUSSION

The law is well established that to show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, a plaintiff must prove that the defendant's actions or omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Thus, the plaintiff must show that he suffered from "'a condition of urgency' that may result in 'degeneration' or 'extreme pain,'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994)), that there has been a "sufficiently serious" deprivation of the prisoner's constitutional rights, and that the defendant acted with a "culpable state of mind," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), such that he both knew of and disregarded an excessive risk to the inmate's health. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011).

It is equally clear that more than medical malpractice is required to make out a constitutional violation. "Medical malpractice does not rise to the level of a constitutional violation unless the malpractice involves culpable recklessness ... . In this connection, the Supreme Court has held that 'a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Id.* at 123 (quoting *Estelle*, 429 U.S. at 106).

Consistent with those principles, "[i]t has long been the rule that a prisoner does not have the right to choose his medical treatment as long as he receives adequate treatment." *Hill*, 657 F.3d at 123 (citing *Estelle*, 429 U.S. at 106–07. The Second Circuit has explained that "mere disagreement

over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703. *See also Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986) (the "essential test is one of medical necessity and not one simply of desirability") (internal quotation marks omitted).

In the case at bar, the record indicates that plaintiff was first seen by defendant Dr. Evans in September 2009, and by defendant Dr. Rao in November 2009. Both of them prescribed medication for plaintiff. Dkt. #1 at 51; #63 at 12.

Dr. Rao later discontinued plaintiff's prescription for Neurontin, and replaced it with Ibuprofen. Dkt. #1 at 69. Dr. Evans also initially referred plaintiff to a back specialist, but later rescinded that referral, with the agreement of Dr. Rao, based on their review of plaintiff's medical history. *Id.*; Dkt. #69 ¶ 10.

Plaintiff contends that more should have been done for him. He asserts that he should have been seen by a specialist, and that more or different medications should have been prescribed for him.

All that the record shows, though, is that plaintiff subjectively believes that more should have been done for him, and that he disagrees with the course of treatment that he received from Dr. Evans and Dr. Rao. There is not the slightest evidence that either defendant was deliberately indifferent to plaintiff's serious medical need. Even if a referral to a specialist would have been justified–and I make no finding in that regard–defendants' ultimate decision not to make such a referral does not give rise to an Eighth Amendment violation. Plaintiff's disagreement or dissatisfaction with his treatment is not enough.

In addition, there is no evidence that the other three defendants, James Conway, Lester Wright, and Killinger, had any personal involvement in the alleged constitutional violations. Thus, even if plaintiff had made out a claim against Dr. Evans or Dr. Lao, the claims against these three defendants would have to be dismissed in any event. *See Wesolowski v. Harvey*, 784 F.Supp.2d 231,

2011 WL 1224498, at *2 (W.D.N.Y. 2011); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

## CONCLUSION

The motions for summary judgment by defendants James T. Conway, Lester N. Wright, Dr. Rao, and Ms. Killinger (Dkt. #49), and by James T. Evans (Dkt. #65), are granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 8, 2011.